Ricardo GIBSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 37831.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 1, 1977.

Motion for Rehearing or Transfer
Denied March 15, 1977.

Robert C. Babione, Public Defender, James W. Whitney, Jr., Mary Louise Moran, Asst. Public Defenders, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

DOWD, Judge.

This is an appeal from the denial of a Rule 27.26 motion following an evidentiary hearing. Movant, Ricardo Gibson, alleges he had ineffective assistance of counsel which resulted in his coerced plea of guilty to a charge of Robbery First Degree by Means of a Dangerous and Deadly Weapon. § 560.135 RSMo 1969. Movant also pleaded guilty to another charge, but he does not appeal the validity of that plea and subsequent conviction. The court sentenced movant to concurrent sentences of six years on the Robbery charge and two years on the other.

Movant's attorney at trial, Karl Lang, was hired by movant's mother at movant's request. Movant alleges Lang failed to consult with him during his six months of incarceration prior to trial, except for a three minute discussion just prior to trial. He further alleges that Mr. Lang coerced his guilty plea by telling him that a twenty-five year sentence would result if movant went to trial. Movant also contends that Mr. Lang failed to contact prospective alibi witnesses whose names were given to Mr. Lang by the movant.

At the evidentiary hearing movant repeated the allegations made in his motion. On cross-examination he admitted requesting Mr. Lang be hired because he knew him to be a good attorney and had confidence in his ability. Movant was questioned about his testimony at his guilty plea hearing where he had told the court that: 1) he discussed the case fully with his attorney, 2) he was satisfied with his attorney's advice, 3) he thought his attorney had done all that he could do, 4) no one had threatened him, and 5) his attorney had told him the full range of punishment. At the evidentiary hearing movant said he lied to the court about committing the robbery, being satisfied with his attorney and not being threatened. Movant said he did not remember his testimony at the guilty plea hearing concerning his discussions of the case with Mr. Lang or his testimony that he thought his attorney had done all that he could do. He did remember telling the trial court that he was satisfied with his attorney's advice.

Mr. Lang testified at the evidentiary hearing. He stated that he had been practicing criminal law for fifteen or twenty years, and after reviewing the police report on the movant's case, and examining the State's eyewitness at the preliminary hearing, he saw little chance for acquittal. He denied the movant had ever given him names of any witnesses. He testified that he consulted with his client at some length after working out an arrangement with the prosecutor concerning his recommendation to the court. He stated that he had informed movant of both the maximum and minimum potential sentences.

In its memorandum opinion the court found the movant's testimony at the evidentiary hearing "to be unworthy of belief." The court found that Mr. Lang was never given the names of alibi witnesses, and he rendered effective counsel by pursuing that course of action which his professional judgment led him to believe was best for his client.

■ Each case of effective assistance of counsel must be determined upon the facts in that case. *Thomas v. State,* 516 S.W.2d 761, 765[2] (Mo.App.1974). The credibility of the witnesses at a hearing on a 27.26 motion is for the trial court to determine. *Crosswhite v. State,* 426 S.W.2d 67, 71[2] (Mo.1968). The fact that a defendant has been told by his attorney the maximum legal sentence he could receive does not prove a guilty plea was coerced. *Smith v. State,* 513 S.W.2d 407, 411[3] (Mo.Banc 1974).

■ Movant's testimony at the 27.26 hearing was refuted by trial counsel's testimony and by movant's testimony at the guilty plea proceeding. The trial court was within its discretion in disbelieving movant's testimony at the hearing on his motion. The court found that Attorney Lang did have adequate consultation with his client, he did not fail to contact any known witnesses, and he did not coerce his client to plead guilty. Movant's allegations in his 27.26 motion were refuted.

The court's denial of the Rule 27.26 motion is not clearly erroneous and therefore must be affirmed.

WEIER, P. J., and CLEMENS, J., concur.