Columbus Willie BARBER,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39118.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 28, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 10, 1978.

David V. Uthoff, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

Appellant appeals from a decision of the trial court in denying his motion to vacate judgment filed pursuant to Supreme Court Rule 27.26, V.A.M.R. Appellant was originally charged with three counts: burglary in the first degree with intent to commit rape, robbery in the first degree and forcible rape. On May 28, 1975, appellant pleaded guilty to the charges, but on inquiry from Judge Satz was permitted to withdraw his guilty plea. Judge Satz was disqualified and the case was reassigned.

On May 29, 1975, appellant pleaded guilty again to the above charges. At the testimonial hearing prior to the acceptance of appellant's plea, the court discussed at length the voluntariness of appellant's plea and the recommended sentences. Afterwards, the court sentenced appellant to twenty (20) years imprisonment on Count I, twenty-five (25) years on Count II and twenty-five (25) years on Count III, said sentences to run concurrently.

Appellant's second amended Rule 27.26 motion filed on February 25, 1976, alleges: (1) that his guilty pleas were unconstitutional under the Fifth and Fourteenth Amendments as they were involuntary; (2)

his alternative of trial by jury was deterred by fear of consecutive sentences then mandated by § 546.480, RSMo 1969, which was subsequently declared unconstitutional; and (3) appellant's final contention was that he was denied effective assistance of counsel in that—(a) counsel failed to file a motion for a psychiatric examination, thereby denying appellant an affirmative defense, (b) counsel failed to investigate witnesses, (c) counsel failed to obtain a continuance, (d) counsel failed to inform appellant of the opportunity for a motion to sever.

On February 11, 1976, an evidentiary hearing was conducted. On March 16, 1977, the trial court issued its findings of fact and conclusions of law overruling appellant's motion.

■. Appellant's first contention is that his guilty plea was not made freely and voluntarily and should be set aside because his pleas were unlawfully induced by coercion, misapprehension, fear and undue persuasion. We disagree. The transcript of the proceeding taken at the time the plea was accepted demonstrates a substantial compliance with Rule 25.04, V.A.M.R. This rule requires that the court shall not accept the plea without first determining that the plea was made voluntarily and with the understanding of the nature of the charge. Appellant relies on the court's conclusion in *State v. Williams,* 361 S.W.2d 772 (Mo.1962), that a plea should never be received unless freely and voluntarily made. The plea in *Williams,* however, was accepted by the court without questioning the defendant. The plea was clearly equivocal in nature as the defendant's attorney stated he was not convinced of defendant's guilt. The defendant's attorney stated that he hated to make the plea because after a thorough investigation counsel did not know where defendant was or what he did, 361 S.W.2d at 773. The facts of our case are clearly distinguishable. The court asked appellant if he knew he was giving up his right to trial by jury by pleading guilty and the court informed him that it was not bound

by the state's recommended sentences. The court also asked the appellant whether he was satisfied with his counsel's advice and preparation, to which he replied that he was.

■ Appellant contends that he was pressured by his attorney into believing that an extremely lengthy sentence would be imposed in the event the appellant chose to proceed with a jury trial and that a guaranteed lesser sentence would be imposed if appellant elected to enter a plea of guilty. *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974) and *Stewart v. State,* 542 S.W.2d 544, 545 (Mo.App.1976) state that it is the duty of the defendant's attorney to advise him as to the range of punishment and if he feels it advisable to give his judgment as to the extent of punishment the jury might fix in the event of conviction. We therefore conclude that appellant's contention in this regard has no merit.

■ Appellant's second allegation is that the pleas were not freely and voluntarily made because at the time of the pleas of guilty the fear of receiving mandatory consecutive sentences, in the event that the right to a jury trial was exercised, unlawfully coerced appellant to enter a plea of guilty in order to receive a concurrent sentence. At the time of his pleas, § 546.480, RSMo 1969 created the alternative of pleading guilty to a concurrent sentence or facing the risk of exercising a right to trial by jury with the inherent right of receiving three consecutive sentences. This contention is quickly negated by *Wright v. State,* 549 S.W.2d 554, 558 (Mo.App.1977) where the court declared that, " . . . if the client's decision to plead guilty was influenced by the possibility of the death penalty, such fear did not render his guilty pleas involuntary. *Taylor v. State,* 539 S.W.2d 589 (Mo.App.1976); *Beeman v. State,* 502 S.W.2d 254 (Mo.1973). . . . " The court in *Brady v. United States,* 379 U.S. 742, 750, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) reasoned similarly and found that a statute which caused the defendant's guilty plea did not necessarily prove that the plea was coerced and invalid as an involuntary act. So, here, we find no basis for concluding that appellant's plea was coerced and involuntary.

■ The defendant's final contention is that he was denied effective assistance of counsel. The first proposition to support this claim is that counsel failed to file a motion for appointment of a psychiatrist under chapter 552 RSMo 1969, thereby denying appellant of an affirmative defense. According to *Campbell v. State,* 532 S.W.2d 844, 848 (Mo.App.1975), " . . . [a] mental examination is not required unless there is evidence or there are circumstances raising a reasonable doubt about the defendant's mental competence. . . . " The facts at hand give no indication that appellant was unaware of the proceedings or did not know what he was doing, but point to the contrary conclusion. The record shows that appellant was aware of the proceedings, knew what he was doing when he committed the acts and was fully aware of the range of punishment. Appellant would therefore be competent to stand trial under the test set forth by the court in *Brown v. State,* 485 S.W.2d 424, 429 (Mo.1972). According to *Brown,* the test is, " . . . 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.' . . . "

In *Brown,* the court stated that, " . . . 'the claim of incompetent counsel cannot be sustained absent any showing that he had any honest basis for asserting movant was incompetent to stand trial.' . . . " 485 S.W.2d at 428. Appellant's attorney had no such basis. There is no evidence to show appellant was not responsible for his acts or that he was incapable of standing trial. The evidence supports the finding that counsel could have come to the

conclusion that his client was competent and that no basis existed for filing a motion for a psychiatric examination.

The next proposition asserted to support appellant's claim of ineffective assistance of counsel is that counsel failed to use investigators to interview adverse witnesses and that counsel did not depose any potential witnesses. The difficulty with this proposition is that appellant did not allege facts, but only conclusions, which did not show that he was prejudiced by his counsel's acts.

The court in *Fritz v. State,* 524 S.W.2d 197, 199 (Mo.App.1975) expressed the view that appellant must show prejudice.

" . . . A movant who contends inadequate investigation by counsel has the burden of showing that a fuller investigation would have uncovered evidence which would have improved his trial position and that he was deprived of evidence of substance by such neglect to his prejudice . . . although the investigative techniques used by trial counsel here did not involve the direct confrontation of the State's witnesses, there was no showing that appellant was deprived of evidence otherwise available by that method nor that the defense was in any manner prejudiced."

■ Nothing in our facts shows that any investigation would have been helpful. The court asked appellant if he had any witnesses which he would like to call into court who he thought could help his case. Appellant responded negatively.

■ Failure to investigate is a ground for reversal only if it prevented a voluntary and intelligent choice. *Parks v. State,* 518 S.W.2d 181, 184 (Mo.App.1974). This did not happen. Counsel discussed the defenses with the appellant, read the police report, and informed appellant of the law regarding punishment. Appellant had the necessary information to make an intelligent choice. Appellant's claim of ineffective assistance of counsel is clearly refuted by the record. We can find no basis for conclud-

ing that appellant was denied effective assistance of counsel. Appellant did not meet the burden of proving that acts of counsel resulted in a deprivation of the right to a fair trial.

■ Appellant's third argument in support of his claim for ineffective assistance of counsel relates to the failure of counsel to seek a continuance in order for his client's mother to retain a private attorney. Counsel testified that he had no record of phone messages from client's mother regarding retaining a new attorney. The appellant did not request a continuance. We find no evidence to contradict counsel's testimony. The trial court was not clearly erroneous in its ruling and therefore the findings pertaining to this matter must be upheld. *Gibson v. State,* 548 S.W.2d 596, 598 (Mo.App.1977).

■ Appellant's last allegation regarding ineffective counsel is that counsel failed to file a motion to sever or to inform appellant of such an alternative. Counsel, however, testified that he told his client of all possibilities and consequences. No specific questions were asked of counsel regarding whether he informed appellant of this motion, and therefore the trial court's finding must be upheld. Appellant failed to meet his burden of proof as required by 27.26(f), V.A.M.R. Because none of the above allegations have merit, appellant's motion to vacate sentences and judgments pursuant to Rule 27.26 is denied.

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.