**Bobbie Lewis SHAW, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 47586.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 15, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1985.

Application to Transfer Denied
April 2, 1985.

Michael Wade Clark, Union, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Movant, Bobbie Lewis Shaw, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted of capital murder and sentenced to death. His sentence was affirmed on direct appeal. *State v. Shaw*, 636 S.W.2d 667 (Mo.banc 1982), *cert. denied*, 459 U.S. 928, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982). In this proceeding movant raises two points of error: (1) failure of the trial court to order a psychiatric examination on the issue of movant's lack of mental capacity for purposes of the Rule 27.26 proceeding; and (2) the finding against the movant on his claim of ineffective assistance of counsel. We affirm.

Movant's first point is essentially that he was entitled to a determination of his mental competence for the purpose of ascertaining whether he was fit to proceed with his Rule 27.26 motion and whether he can be legally executed pursuant to the death sentence that he received. We first consider whether movant was entitled to a determination of his fitness for purposes of proceeding with his post-conviction motion.

Movant relies on § 552.020(1), RSMo (Supp.1984), which provides: "No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be *tried, convicted* or *sentenced* for the commission of an offense so long as the incapacity endures." (Emphasis added.) This language has been interpreted to mean the procedures of § 552.020 may be invoked "any time before sentencing." *State v. Stock*, 463 S.W.2d 889, 894 (Mo.1971). "Since § 552.020 is concerned with *pretrial* or *presentence* proceedings to determine an accused's fitness to proceed, it does not apply to post-trial procedures." (Emphasis added.) *Brown v. State*, 485 S.W.2d 424, 428 (Mo.1972). We can find no case applying § 552.020 to Rule 27.26 proceedings.

■ In *Brown*, the Rule 27.26 motion alleged error in the denial by the trial court of a motion made at the Rule 27.26 hearing for a psychiatric evaluation under § 552.-020. The movant was attempting to gain a § 552.020 examination regarding his capacity at the earlier trial and not for purposes of the 27.26 hearing. However, the court made clear § 552.020 "does not apply to post-trial procedures." *Brown*, 485 S.W.2d at 428. Later Missouri decisions have affirmed the rule that "[a] motion for an order for mental examination may be made at any time before sentencing . . . ." *State v. Rider*, 664 S.W.2d 617, 620 (Mo.App. 1984). *See also State v. Wagner*, 587 S.W.2d 299 (Mo.App.1979). *But see Miller v. State*, 498 S.W.2d 79, 87 (Mo.App.1973), and *Duisen v. State*, 652 S.W.2d 162, 163 (Mo.App.1983), where the trial court ordered an examination to determine the movant's capacity to proceed. We do not find it clearly erroneous for the trial court to decline to determine competency in a Rule 27.26 proceeding, since such a proceeding is designed to remedy constitutional and statutory violations at trial rather than matters which may arise after trial. "[I]t is not the existence of 'mental disease or defect' *per se* which brings the section into play, but the effect of such disease or defect in one specific area. In Section 552.-020 it is the effect of the disease or defect upon defendant's capacity to defend himself that is critical." *State v. Montague*, 510 S.W.2d 776, 778 (Mo.App.1974). In this case the mental condition of movant was evaluated prior to his trial for capital murder. He was found to be fit to proceed. Although defense counsel raised the issue of diminished mental capacity at trial and on direct appeal, the finding of fitness to proceed was never contested.

■ This Rule 27.26 motion is a collateral attack directed at vacating, setting aside or correcting the sentence. Rule 27.26(a). Movant's present mental condition is irrelevant. In addition to finding § 552.020 does not give movant a right to a mental examination for purposes of the Rule 27.26 proceeding, we are also unable to find any constitutional basis for such a right.

■ We therefore hold that the trial court's failure to determine movant's mental status for purposes of the Rule 27.26 proceeding is not clearly erroneous. Rule 27.26(j).

■ We now turn to the issue of movant's mental status as it relates to the State's ability to execute him. It is clear that movant cannot be executed if he does not at the time for execution meet the standard of competence set forth in § 552.-060. That section provides the vehicle in which to raise the issue prior to an impending execution.[1] The purpose of a Rule 27.26 motion, on the other hand, is to provide a remedy to prisoners who claim a "sentence was imposed in violation of the Constitution and laws of this state or the United States," or other reasons as stated in Rule 27.26. The rule addresses the validity of the imposition of a sentence and says nothing about a prisoner's mental capacity in serving that sentence. It is not clearly erroneous for the trial court to decline to allow a competency hearing under § 552.060 in this Rule 27.26 proceeding. Rule 27.26(j). Defendant's first point is denied.

Movant next contends that he was denied effective assistance of counsel because his attorney overlooked the discovery report of a witness and failed to object to his testimony at trial as hearsay. He concedes that counsel conducted a thorough and competent cross-examination of the witness. The testimony in question was summarized in *State v. Shaw*, 636 S.W.2d at 669–670:

Inmate Byron Berry testified that earlier in the morning, as he was walking back to his job in the main kitchen after apply-

---

1. The legal file indicates the original execution date was set for December 30, 1980. There is nothing in the file to indicate a new date has been set.

516

ing for a job on the loading dock behind the vegetable room, he saw appellant (Shaw) and another inmate standing alone outside one of the buildings. As he passed within two or three feet of them, he overheard the other inmate ask appellant, 'When are you going to do that?' Appellant replied, 'I'm going— might as well do it, now.' Berry said that there was 'something mentioned of a ring, a payment.' He also said that he heard one of the men mention the name 'Clint' and that he knew of only one person named Clint—Clinton Wyrick—inside the penitentiary.

■ Movant's argument must fail because he has failed to prove that he was prejudiced. *Seales v. State,* 580 S.W.2d 733, 735–737 (Mo.banc 1979); *State v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The testimony of witness Berry was relevant. Berry's testimony of movant's statements were an admission and therefore an exception to the hearsay rule. *State v. Engleman,* 634 S.W.2d 466, 480 (Mo.1982). Berry's testimony of the other inmate's question to Shaw was not offered to prove the truth of the matter asserted but rather to supply meaning to movant's statement. *Lanham v. Vesper-Buick Automobile Co.,* 21 S.W.2d 890, 894 (Mo.App.1929); *see also State v. Walker,* 484 S.W.2d 284 (Mo.1972). If defense counsel had made an objection to Berry's testimony, it would have been properly overruled. Counsel cannot be deemed ineffective for failing to make a nonmeritorious objection. *Wolfe v. State,* 613 S.W.2d 892, 894 (Mo.App.1981). In addition, movant has failed to show what alternative course counsel might have been able to take had he been more fully aware of the Berry statement at an earlier time before trial. Movant's second and final point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.