**STATE of Missouri, Respondent,**

v.

**Vance Roy CLARK, Appellant.**

**Vance Roy CLARK, Movant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 55969, 57111.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1990.

Application to Transfer Denied
Feb. 7, 1991.

Morris Edward Williams, Hillsboro, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Robert V. Franson, Asst. Attys. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

Movant appeals from his convictions of two counts of sodomy, Section 566.060, RSMo 1986, one count of attempted rape, Section 564.011, RSMo 1986, and one count of sexual abuse in the second degree, Section 566.110, RSMo 1986, for which he received sentences totalling thirty-seven years imprisonment. He also appeals the denial of his motion to vacate, set aside or correct the judgment or sentence pursuant to Rule 29.15 after an evidentiary hearing. The appeals were consolidated but movant elected to abandon, by not briefing, the direct appeal, including those issues raised in the motion for new trial filed by his trial counsel. Movant also abandoned most of the grounds raised in his Rule 29.15 motion. *See, State v. Sanders*, 619 S.W.2d 344, 349 (Mo.App.1981).

Movant's only point contends that the motion court erred in denying his motion to vacate, set aside or correct the judgment or sentence pursuant to Rule 29.15. He argues that the trial transcript establishes that the state elicited testimony that movant committed criminal acts other than those he was charged with. All of the testimony was received without objection from movant's trial counsel. We affirm.

Review of the motion court's denial of post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j); *Burroughs v. State*, 773 S.W.2d 167, 169 (Mo.App.1989). Such findings are deemed clearly erroneous only if a review of the entire record leaves the appellate court with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

To prove a claim of ineffective assistance of counsel, movant must show that counsel's performance was deficient and that the deficiency prejudiced his defense. *Sidebottom v. State*, 781 S.W.2d 791, 795 (Mo. banc 1989). To prove the deficiency, movant must show that counsel's acts or omissions, in light of all the circumstances,

were " 'outside the wide range of professionally competent assistance.' " *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)). Movant shows prejudice with proof that, but for counsel's unprofessional errors, there is a reasonable probability that the result would have been different. *Id.* at 796. Movant must also overcome the presumption that counsel is competent and that counsel's challenged acts or omissions were sound trial strategy. *Id.* at 795–96.

A review of the record shows that the motion court properly denied movant's claims of ineffective assistance of counsel, and properly determined that any objections to the testimony would have been meritless. In his opening statement, movant's trial counsel told the jury that his strategy was to question the credibility of the victim by pointing out her failure to tell anyone about the acts of abuse committed upon her. Trial counsel confirmed that this was the strategy when he testified at movant's evidentiary hearing.

Victim testified, during the state's case-in-chief, that movant beat her mother and stepmother in her presence. She also related an incident that occurred when she was very young. Movant and victim's mother were fighting. During the fight victim attempted to jump on movant to stop him from hitting victim's mother, but movant threw victim against the wall. The prosecution also questioned victim about an incident, characterized at trial as kidnapping, during which movant forced victim into his car. Finally, victim was questioned about uncharged sexual assaults upon her by movant.

Victim's stepmother, Diane Clark, testified that victim witnessed movant assault her on one occasion, and heard three or four others. Victim's mother, Sharon Patrick, testified regarding an unspecified number of assaults on her by movant and his use of a weapon. Victim was a witness to each of these attacks.

On cross-examination of movant, the state elicited testimony concerning assaults by him against both Diane Clark and Sharon Patrick. All of this testimony was received without objection from movant's trial counsel.

■ Generally, evidence of other crimes is not admissible to prove the criminal character of a defendant. *State v. Taylor*, 735 S.W.2d 412, 415 (Mo.App.1987). Such proof is admissible, however, if it has a legitimate tendency to establish guilt. Evidence of other crimes is, therefore, competent to establish motive, intent, absence of mistake or accident, a common scheme or plan or the identity of the person charged with the crime. *Id.*

■ Movant's trial counsel opened the door when he presented his theory of the case during his opening statement. It was proper for the state to present evidence which might supply a reason for the victim's silence. In *State v. Osterloh*, 773 S.W.2d 213 (Mo.App.1989), the defendant was convicted of statutory rape and sodomy. Evidence included testimony from the victim, defendant's stepdaughter, and defendant's sons regarding repeated acts of violence by defendant which forced them to submit to defendant's demands. The Western District held that such testimony was admissible.

> The holding of *State v. V____ v. C____* (sic) [734 S.W.2d 837, 845 (Mo.App.1987)] is not only dispositive of the defendant's point on appeal concerning his past sexual conduct with the victim, but is also dispositive of the point of error concerning the defendant's violent acts towards P____. Those acts of violence worked to intimidate the children. "Such evidence demonstrated the defendant was physically capable of inflicting pain ..." and that he did so on at least one occasion. *Id.*

*Osterloh*, 773 S.W.2d at 217.

Here, the testimony relating to acts of violence was limited to incidents either witnessed by the victim or incidents which were close enough in proximity for her to overhear. Movant's trial counsel knew this evidence was responsive to his theory of the case. Any objection would have been meritless. Counsel is not considered ineffective for failing to make a nonmeritorious

objection. *Shaw v. State*, 686 S.W.2d 513, 516 (Mo.App.1985).

Movant also complains that his trial counsel was ineffective for failing to object to the evidence of other sexual encounters between movant and the victim. It is well settled that, in a prosecution for sexual offenses, evidence of prior sexual acts between the victim and the defendant is admissible to show the relationship of the parties and the probability that the acts charged were committed, even if such evidence constitutes proof of separate crimes. *State v. Sandlin*, 703 S.W.2d 48, 49 (Mo. App.1985). Any objection to this testimony would have been properly overruled. As stated, *supra*, counsel will not be considered ineffective for not objecting to properly admissible evidence. *Shaw*, 686 S.W.2d at 516.

During the evidentiary hearing, movant allowed that he had no complaints about trial strategy. In light of this and noting that any objection would have been meritless, we find that the motion for post-conviction relief was properly denied.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SIMEONE, Senior Judge, concur.