Vance Roy CLARK, Appellant,

v.

Michael GROOSE, Appellee.

No. 93–1551.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 1993.

Decided Feb. 24, 1994.

Rehearing Denied April 6, 1994.

Counsel who presented argument on behalf of the appellant was James A. Pinkston of Sikeston, Missouri.

Counsel who presented argument on behalf of the appellee was Ronald L. Jurgeson of Kansas City, Missouri. The names of Jeremiah W. (Jay) Nixon and Ronald L. Jurgeson of Kansas City, Missouri, appear on the brief of the appellee.

Before MAGILL and BEAM, Circuit Judges, and VAN SICKLE,* Senior District Judge.

VAN SICKLE, Senior District Judge.

Vance Roy Clark has appealed from a judgment of the United States District Court for the Eastern District of Missouri,[1] which denied both his habeas corpus petition based on a claim of ineffective assistance of counsel, and his attempt to offer new evidence of another claim of ineffective assistance of counsel.

We AFFIRM.

## I. BACKGROUND

On October 28, 1988, Vance Roy Clark was found guilty by a jury in the circuit court of Perry County, Missouri, of two counts of sodomy, one count of attempted rape, and one count of sexual abuse. Appellant was sentenced to consecutive terms of fifteen years imprisonment on each count of sodomy, a consecutive term of seven years imprisonment for the count of attempted rape, and a concurrent term of one year imprisonment for the count of sexual abuse in the second degree. At trial, testimony of other, uncharged crimes was elicited by the prosecution without objection from Clark's trial counsel.

Clark filed a notice of appeal with the Missouri Court of Appeals, and then instigated a post-conviction proceeding under Rule 29.15 of the Missouri Supreme Court Rules.[2]

---

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Donald J. Stohr, District Judge for the Eastern District of Missouri.

2. Rule 29.15 of the Missouri Supreme Court Rules of Criminal Procedure provides, in pertinent part:

> (a) Nature of Remedy—Rules of Civil procedure Apply. A person convicted of a felony after trial claiming that the conviction or sentence imposed violate the constitution and laws of this state or the constitution of the United States ... may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15. This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. ...
>
> (b) Form of Motion—Time to File—Cost Deposit Not Required—Notice of Filing, to Whom—Failure to File, Effect of. ... If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04. ... Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under [the Rule].

After an evidentiary hearing, the court denied the Rule 29.15 Motion. A notice of appeal was filed from that judgment, and Clark's two appeals were consolidated by the Missouri Court of Appeals. On October 30, 1990, The Missouri Court of Appeals affirmed the trial court's decision denying post-conviction relief.[3]

On May 23, 1991, Clark filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Missouri, challenging the constitutionality of his 1988 convictions. Clark claimed that he did not receive effective assistance of counsel during his trial and was thus denied the protection of the Sixth and Fourteenth Amendments to the United States Constitution. Clark's claim was based on the assertion that his trial counsel failed to present objections to inadmissible evidence of uncharged criminal activity.

The district court referred Clark's Petition to a United States Magistrate Judge for a Report and Recommendation. In his August 6, 1992 report, the Magistrate Judge recommended that Clark's petition be dismissed because he had failed to demonstrate ineffective assistance of counsel.

On October 30, 1992, Clark requested that the district court consider evidence which he claimed was newly discovered, and which he claimed showed another instance of ineffective assistance of counsel. The evidence consisted of a transcript of an August 27, 1987, interview of the victim taken by the St. Francois County, Missouri Division of Family Services Office. During that interview, the victim stated that Clark had never touched her in a sexual way prior to Christmas, 1986. At trial, however, the victim testified that the acts for which Clark was ultimately convicted were committed before Christmas, 1986. Clark asserted that his trial counsel's failure to use the transcript to impeach the testimony of the victim, or as a basis for a motion to dismiss all charges against him, constituted ineffective assistance.

In an order dated January 11, 1993, the district court adopted the recommendation of the Magistrate Judge and denied Clark's allegation of ineffective assistance of counsel. The district court also refused to consider the victim's August 27, 1987, Family Services interview as evidence of another claim of ineffective assistance of counsel.

This appeal followed.

## II. DISCUSSION

There are two issues on appeal: (1) whether the district court erred in dismissing Clark's contention that his defense counsel did not render effective assistance during his trial; and (2) whether the district court erred in refusing to consider new evidence of another claim of ineffective assistance of counsel.

### A. Failure to render effective assistance of counsel during the trial.

The Sixth Amendment to the United States Constitution, as applied to the states through the Due Process Clause of the Fourteenth Amendment, provides that a criminal defendant shall have assistance of counsel for his defense. The "right to counsel" is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1981), the United States Supreme Court set out a two-pronged test which a petitioner must satisfy in order to prevail on a claim of ineffective assistance of counsel: (1) the petitioner must prove that his counsel's performance/assistance fell below an objective standard of reasonableness; and (2) the petitioner must also prove that he suffered prejudice, *i.e.*, that there is a reasonable probability that, but for the alleged error, the decision reached would have been different. *Id.* at 688, 696, 104 S.Ct. at 2064–65, 2069.

We first consider whether the performance of Clark's trial counsel fell below an objective standard of reasonableness. Clark asserts that his trial counsel failed to present objections to evidence of uncharged criminal activity. The disputed evidence in this case can be placed into three categories: (1) testimony regarding acts of violence committed by

3. *State v. Clark,* 801 S.W.2d 701 (Mo.Ct.App. 1990).

Clark which were either witnessed or over-heard by the victim; (2) testimony regarding another alleged sex crime committed by Clark on a friend of the victim's stepmother; and (3) testimony regarding Clark's involvement in incidents of public drunkenness and peace disturbance.

1. Testimony regarding acts of violence either witnessed or overheard by the victim.

■■■ In *State v. Clark*, 801 S.W.2d 701 (Mo.Ct.App.1990), the Missouri Court of Appeals rejected Clark's claim of ineffective assistance of counsel and affirmed his conviction on the grounds that evidence of acts of violence committed by Clark, which were either witnessed or overheard by the victim, was admissible. *Id.* at 703–04 ("Counsel is not considered ineffective for failing to make a nonmeritorious objection."). The admissibility of evidence in a state trial is a matter of state law. *Glaze v. Redman*, 986 F.2d 1192, 1195 (8th Cir.1993). When a petitioner's federal habeas corpus claim is based upon a theory which can be determined as a matter of state law, the federal court is bound by a state court's interpretation of state law. *See Glaze*, 986 F.2d at 1195; *Williams v. Armontrout*, 877 F.2d 1376, 1383 (8th Cir.1989), *cert. denied*, 493 U.S. 1082, 110 S.Ct. 1140, 107 L.Ed.2d 1044 (1990). Although the admissibility of evidence at a state trial is a matter of state law and ordinarily will not form the basis for federal habeas relief, a federal court may grant habeas relief when a state court's evidentiary ruling "infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." *Turner v. Armontrout*, 845 F.2d 165 (8th Cir.1988).

After a full review of the facts, we do not find that the Missouri Court of Appeals' evidentiary ruling in *State v. Clark* infringed upon a specific constitutional protection or amounted to a denial of due process.

At the time of Clark's trial, the Missouri law regarding evidence of other crimes was as follows:

Generally evidence of other crimes is not admissible to prove the criminal character of a defendant. Such proof is admissible, however, if it has a legitimate tendency to establish guilt. Evidence of other crimes is, therefore, competent to establish motive, intent, absence of mistake or accident, a common scheme or plan or the identity of the person charged with the crime.

*State v. Clark*, 801 S.W.2d at 703. According to Clark, the Missouri Court of Appeals failed to apply that law correctly when it found the evidence of acts of violence either witnessed or overheard by the victim admissible.

That argument is flawed. The focus of Clark's argument is the Missouri Court of Appeals' statement that "[i]t was proper for the state to present evidence which might supply a reason for the victim's silence." *Id.* at 703. Clark's interpretation of the evidentiary ruling in *State v. Clark* is that the Missouri Court of Appeals recognized a non-existent exception to the general rule in Missouri that evidence of uncharged crimes is inadmissible. However, a closer look at the Missouri Court of Appeal's opinion reveals that the court was merely holding that evidence of acts of violence either witnessed or overheard was relevant under the circumstances: [4]

Movant's trial counsel opened the door when he presented his theory of the case during his opening statement. It was proper for the state to present evidence which might supply a reason for the victim's silence.

. . . .

Here, the testimony relating to acts of violence was limited to incidents either witnessed by the victim or incidents which were close enough in proximity for her to overhear. Movant's trial counsel knew this evidence was responsive to his theory of the case. Any objection would have been meritless. Counsel is not considered ineffective for failing to make a nonmeritorious objection.

4. The Missouri Court of Appeals did not, however, specifically state that its evidentiary ruling was based on a theory of relevance.

*Id.* at 703–04. Therefore, Missouri Court of Appeals neither erred in applying Missouri law nor committed an error of constitutional magnitude.

■ Because the Missouri Court of Appeals' evidentiary ruling did not infringe upon a specific constitutional protection or amount to a denial of due process, its ruling on the admissibility of the testimony regarding acts of violence either witnessed or overheard by the victim is binding on the federal courts. Therefore, for purposes of the first prong of the *Strickland* test, it was not unreasonable for Clark's trial counsel to fail to object to admissible evidence.

2. Testimony regarding another alleged sex crime.

■ During Clark's trial, the testimony of both the victim and her stepmother referred to an alleged sex crime committed by Clark on a friend of the stepmother. Clark's trial counsel did not object to this evidence. However, the testimony regarding this alleged sex crime was also admissible. The disputed evidence on this point showed how the victim first came forward with her allegations against Clark. When the victim heard that one of her stepmother's friends had accused Clark of sexual abuse, she (the victim) then stated that he had done the same thing to her. Trial Tr. at 92–93, 124–25. Again, it was not unreasonable for Clark's trial counsel to fail to object to admissible evidence.

3. Testimony regarding Clark's involvement in incidents of public drunkenness and peace disturbance.

■ At trial, Clark's ex-wife testified that Clark had been involved in several episodes of public drunkenness and peace disturbance.[5] Clark's trial counsel did not raise an objection to this evidence. However, even if

Clark's trial counsel committed an error by failing to object, that error did not influence the outcome of the case. The impact of the testimony on this point was negligible. Because the failure to object to testimony regarding public drunkenness and peace disturbance was, at most, harmless error, it did not render the assistance of Clark's trial counsel unreasonable under the first prong of the *Strickland* test.

■ Because Clark has made an insufficient showing with regard to the performance component of the two-prong *Strickland* test, we need not address the prejudice component of that test. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069–70.

B. The refusal to consider new evidence of another claim of ineffective assistance of counsel.

■ The record shows that Clark did not present additional claims of ineffective assistance of counsel during his state post-conviction proceeding.[6] The district court held, and Clark does not contest, that as such, Clark is procedurally barred from presenting the additional claims of ineffective assistance of counsel to a federal court. We agree. *See Stokes v. Armontrout,* 851 F.2d 1085, 1092 (8th Cir.1988), *cert. denied,* 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989).

■ Clark may, however, overcome the procedural bar by showing cause for his failure to present the additional claims to the state courts, and actual prejudice resulting from the failure. *Id.* Clark argues, correctly, that sufficient cause may generally be established by proving that the procedural default in state court was due to ineffective assistance of counsel under the two-pronged test articulated in *Strickland v. Washington. Id.* However, in *Coleman v. Thompson,* ——

---

5. The testimony of Clark's ex-wife on this point was as follows:

> At the beginning of our divorce it was reasonable and seasonable. We just pretty much made arrangements between each other, and at that time he would on several occasions come to my residence ... and most of the time he was drunk, and it was at all hours of the night and day saying he wanted to see his

daughter, and he'd pound on the doors and just raise ruckus.
Trial Tr. at 152.

6. Although petitioner did litigate allegations of ineffective assistance of counsel during the post-conviction proceeding, he never specifically argued those claims based upon the "new evidence" at issue here—the victim's August 27, 1987, Family Services interview.

U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the United States Supreme Court stated: "There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman,* —— U.S. at ——, 111 S.Ct. at 2566 (citations omitted). In light of the *Coleman* decision, we hold that Clark can not demonstrate cause for his failure to present the additional claims of ineffective assistance of counsel at his state post-conviction proceeding by proving that that procedural defect was due to constitutionally ineffective assistance of counsel in that proceeding.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.