**Pat HARRIS, Appellant,**

v.

**Donald WYRICK, Appellee.**

No. 80–1645.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1980.

Decided Dec. 18, 1980.

Gray & Ritter, Paul J. Passanante, St. Louis, Mo., court–appointed, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Pat Harris was convicted on state charges of first degree robbery in 1974. He filed this section 2254 petition for a writ of habeas corpus challenging his conviction on the ground that he was denied a fair trial.[1] The district court denied Harris' petition on the ground that the remarks and conduct in question were not prejudicial and thus did not violate his right to a fair trial. We affirm.

Harris alleged that several incidents during the course of the trial had the cumulative effect of prejudicing the jury. They included: the prosecutor's reference to "so–called mugshots" and photographs "from downtown" made in regard to the police photographs shown to the victim after the robbery; use of the word "mugshot" during testimony by the victim, in reference to the photographs; testimony of a police officer describing the photographs shown the victim as "[p]hotographs of subjects on file in our department"; and an attempt by the prosecutor to have the photograph in question shown to the jury. During testimony by the victim the trial court, on objection from defense counsel, directed that the word "picture" be substituted for "mugshot."[2]

To establish a denial of due process a petitioner must prove that the error asserted was of such magnitude that it failed to afford him the fundamental fairness which is the essence of due process. *Mag-*

---

1. Harris raised the same claims on the appeal of his conviction to the Missouri Court of Appeals. *See State v. Harris*, 534 S.W.2d 516 (Mo.App.1976).

2. The trial judge asked counsel for the defense if he wanted the court to instruct the jury regarding the use of the word "mug shot." Defense counsel declined the instruction saying that he felt it was too late for such an instruction. The court denied counsel's subsequent motion for a mistrial which was based on the alleged cumulative prejudicial effect.

*gitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir. 1976).

The limited references in the record to police photographs and mugshots, unaccompanied by anything suggesting previous criminal activities, do not appear sufficiently prejudicial so as to be considered fundamentally unfair, particularly in light of the actions taken by the trial court, *United States v. Robinson*, 406 F.2d 64, 66 (7th Cir. 1969). *Cf. United States v. Watts*, 532 F.2d 1215 (8th Cir. 1976). Prejudicial remarks, such as those described here, made by a prosecutor to a jury do not give rise to a denial of due process cognizable under habeas corpus. *Maggitt, supra* at 387.

The attempt by the prosecutor to have the police file photograph passed to members of the jury did not result in prejudice to Harris. The trial court denied the request and noted on the record that while making this motion the prosecutor held the photograph against his body so that it could not be seen by the jury.

The dismissal of the district court is affirmed.