**Edgar Vernell FUTRELL, Appellant,**

v.

**Donald WYRICK, Appellee.**

No. 83–1387.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1983.

Decided Sept. 15, 1983.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

L. Steven Goldblatt, St. Louis, Mo., for appellant.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Edgar Futrell appeals the district court's denial of his petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. He is serving 45 years in the Missouri State Penitentiary for his role in a 1976 armed robbery. Futrell's present appeal challenges the district court's admission of a series of mugshots and the jury's viewing of those mugshots at his trial. Futrell contends that admission of the mugshots violated his right to due process, his fifth amendment right against self-incrimination, and his sixth amendment right to present evidence in his own behalf.

At the inception of Futrell's trial, the government marked a series of nine photographs for identification. Each photograph included a frontal pose along with a profile pose and one of the nine was a photograph

of Futrell. Several witnesses had previously picked out Futrell's photograph from a spread of mugshots, thus the government argued that the photographs were relevant to the issue of identification. Defense counsel argued that introduction of Futrell's mugshot would be far too prejudicial because it would be "tantamount to telling the jury that * * * [Futrell] had prior police contact." The district court admitted the photographs as relevant to the issue of identification, and the government agreed not to pass the photographs to the jury or to refer to the photographs as "mugshots." Near the end of the trial, over defense counsel's objection, the jury was allowed to view the group of photographs.

[1] Habeas corpus relief will not be granted unless the error allegedly constituting a denial of due process was "of such magnitude that it fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process." *Harris v. Wyrick,* 634 F.2d 1152 (8th Cir.1980), *cert. denied,* 451 U.S. 916, 101 S.Ct. 1994, 68 L.Ed.2d 308 (1981). Thus, the standard to be applied in assessing the merits of a habeas corpus petition is much more stringent than the balancing of probity against prejudice that the district court engages in to determine the admissibility of mugshots as evidence at trial. *United States v. Cannon,* 525 F.2d 414, 420–21 (7th Cir.1975).

■ This court has recognized the potentially prejudicial effect of exposing a jury to mugshots. *United States v. Watts,* 532 F.2d 1215 (8th Cir.), *cert. denied,* 429 U.S. 847, 97 S.Ct. 131, 50 L.Ed.2d 119 (1976). In this case, however, the introduction of the mugshots into evidence cannot be said to have violated notions of fundamental fairness. The manner in which the photographs were introduced was unexceptionable. The photographs were never referred to as "mugshots" and all police data was removed from them. Further, the jury was allowed to view the photographs but was not allowed to handle them. While a separate presentation of frontal and profile poses would have been preferable, *Watts, supra,* 532 F.2d at 1217, we cannot say that failing to separate the poses rendered Futrell's trial fundamentally unfair. In similar circumstances a dual view mugshot was held admissible where police data was deleted. *United States v. Oliver,* 626 F.2d 254, 263–64 (2d Cir.1980).

■ Futrell also claims that the admission of the photographs into evidence chilled the exercise of his fifth amendment right not to testify and his sixth amendment right to testify and present evidence. We cannot agree. Because the admissibility of the photographs had been entirely resolved before Futrell made his decision not to testify, his trial strategy was based on complete knowledge of the circumstances.

Although we may have decided the issue of admissibility of the mugshots differently had we presided at Futrell's trial, we cannot say that the district court's admission of the mugshots rendered Futrell's trial fundamentally unfair. Accordingly, we affirm the district court's denial of habeas corpus relief.