Calvin MANNING–EL, Appellant,

v.

Donald W. WYRICK, and The Attorney General of the State of Missouri, Appellees.

No. 83–2685.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1984.

Decided July 5, 1984.

Robert Herman, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., George Cox, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Calvin Manning-El appeals from the district court's[1] order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reversal he contends that the state court denied him a fair trial by admitting evidence of a separate crime. We affirm.

I. *Background.*

In July 1980, a bandit with a sawed-off shotgun held up a St. Louis pharmacy. The assailant fled after taking $300 from the owner and a revolver from the security guard. Approximately one month later, a police officer on routine patrol saw appellant Manning pull a revolver from a shoulder bag. The officer stopped his car and approached Manning, who began to run. During the ensuing chase, appellant fired a shot at the officer. Shortly thereafter, the police apprehended Manning and identified the revolver in his possession as the one taken from the pharmacy security guard.

Manning was charged with two counts of first degree robbery. At trial, the court admitted evidence about Manning's involvement in the shooting incident. The jury convicted appellant on both robbery counts, and he received consecutive sentences of seventeen and fifteen years' imprisonment. The Missouri Court of Appeals affirmed his conviction. *State v. Manning*, 634 S.W.2d 504 (Mo.App.1982). Manning then filed the present petition for federal habeas corpus relief.

II. *Discussion.*

■ The sole issue on appeal is whether the trial court improperly admitted evidence of Manning's assault on the police officer at his trial for robbery. Initially, we note that questions concerning the admissibility of evidence are matters of state law, and are reviewable in federal habeas corpus proceedings only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process. *See, e.g., Wallace v. Lockhart*, 701 F.2d 719, 724 (8th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983); *Lenza v. Wyrick*, 665 F.2d 804, 810 (8th Cir.1981).

■ The general rule under Missouri law is that proof of the commission of separate and distinct crimes by the defendant is not admissible unless it has a legitimate tendency to establish the defendant's guilt of the charge for which he is on trial. If the evidence reasonably tends to prove a material fact in issue, it should not be rejected because it incidentally proves the defendant guilt of another crime. *State v. Kilgore*, 447 S.W.2d 544, 547 (Mo.1969); *State v. Holbert*, 416 S.W.2d 129, 132 (Mo.1967).

■ Appellant contends that the shooting incident, occurring one month after the robbery, was a separate and distinct crime,[2] and not within an exception to the rule that such evidence is inadmissible. According to Manning, the evidence prejudiced his right to a fair trial on the robbery charge. Missouri courts have, however, permitted evidence like the evidence challenged here on the ground that "[u]nexplained flight and resisting arrest is evidence a jury may consider as evincing consciousness of guilt." *State v. Kilgore, supra*, 447 S.W.2d at 547. *See also State v. Valentine*, 646 S.W.2d 729, 732 (Mo.1983); *State v. Wallace*, 644 S.W.2d 382, 384 (Mo. App.1982). Moreover, such evidence has a "legitimate tendency to establish defendant's connection" with the robbery charge. *State v. Kilgore, supra*, 447 S.W.2d at 547. The one-month lapse in time between the

---

1. The Honorable William S. Hungate, United States District Judge for the Eastern District of Missouri.

2. Manning was later convicted of the assault on the police officer and given an additional five-year sentence.

robbery and the revolver incident does not render the evidence inadmissible; the remoteness in time goes to the weight of the evidence, not the admissibility. *State v. Ball,* 339 S.W.2d 783, 785 (Mo.1960) (en banc). *See also United States v. Blue Thunder,* 604 F.2d 550, 556 (8th Cir.), *cert. denied,* 444 U.S. 902, 100 S.Ct. 215, 62 L.Ed.2d 139 (1979). Under state law, we cannot say that the trial court acted improperly in admitting the evidence.

Nor can we conclude that admission of the evidence amounted to constitutional error. In order to establish denial of due process, Manning must prove that the asserted error was so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived him of fundamental fairness. *Maggitt v. Wyrick,* 533 F.2d 383, 385 (8th Cir.), *cert. denied,* 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976). In making this determination, we must review the totality of the facts in the case and analyze the fairness of the particular trial under consideration. *Id. See also Ellis v. Black,* 732 F.2d 650, 657 (8th Cir.1984).

In the case at hand, the state presented evidence apart from the assault sufficient to establish Manning's guilt on the robbery charges. In addition to the identity of the gun itself, both the pharmacist and the security guard identified Manning as the robber. Moreover, police found Manning's thumbprint on one of the items the robber touched while in the store. Therefore, as the district court noted, the challenged evidence may well have been cumulative, prejudicial, and unnecessary. However, in the totality of the circumstances, we agree that any prejudice from admission of the evidence was not of such magnitude that it deprived Manning of a fair trial.

Accordingly, we affirm the judgment of the district court.