**Billy Richard GLAZE, Appellant,**

v.

**Walter W. REDMAN, Warden, Delaware Correctional Center, Hubert H. Humphrey, III, Attorney General, State of Minnesota, Appellees.**

**No. 92–1751.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1992.

Decided Feb. 25, 1993.

---

Douglas Peine, St. Paul, MN, argued, for appellant.

Lee W. Barry III, Minneapolis, MN, argued, for appellee.

Before McMILLIAN, MAGILL and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Billy Richard Glaze appeals a final order entered in the United States District Court[1] for the District of Minnesota denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Glaze v. Redman,* No. 3–90–447, slip op. at 5 (D.Minn. Mar. 19, 1992) (order). For reversal Glaze argues that the exclusion of exculpatory evidence denied him due process. For the reasons discuss below, we affirm the order of the district court.

## BACKGROUND

Glaze was convicted the murders of three Native American women in 1986 and 1987: Kathleen Bullman on July 27, 1986; Angeline Whitebird Sweet on April 12, 1987; and Angela Green on April 29, 1987. The facts of the crimes are recounted in detail in the state supreme court's opinion and are briefly summarized here only as they pertain to Glaze's habeas petition. *See State v. Glaze,* 452 N.W.2d 655, 656–59 (Minn.1990) (*Glaze*).

According to the Hennepin County Medical Examiner and Minneapolis police investigators, the three murders were committed by one individual. This conclusion was based on the marked similarities among the victims and the crime scenes. The murders were close in time sequence. Each victim was a young adult Native American female

---

**1.** The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

mother of young children. Each victim was commonly alone on the streets at night, frequented the same type of bars, and suffered from alcoholism. Each murder occurred in a location frequented by transients. Each victim was bludgeoned and beaten about the head and face. The mouth and face of each victim were focal points of trauma. Each victim had a stick thrust into her vagina at or near the time of death. In each case, the stick was left in the vagina. None of the victims, however, had any injury to their external genitalia. Each victim was left nude or almost nude. Finally, each body was posed in a degrading manner.

Soon after Green's murder, a Minneapolis police task force investigating the murders learned that a man who was later identified as Glaze might be a suspect. During the investigation, Lois Morrison, Glaze's girlfriend, told police that Glaze had left Minnesota and was now living in New Mexico. New Mexico authorities were notified of the investigation and Glaze was arrested in Albuquerque for an unrelated charge. On May 24, 1987, Glaze was returned to Minnesota where he voluntarily submitted hair, blood and saliva samples to investigators for testing. Glaze was charged with three counts of premeditated murder in the first degree and three counts of first degree murder during a sexual assault.

During the course of the trial the state presented significant evidence that tied Glaze to the murders. According to several witnesses, Glaze frequently made derogatory comments about Native American women and his desire to sexually assault them with sticks, knives and other objects; three witnesses testified that not only did Glaze know each of the victims, but that they had seen Glaze with each victim shortly before she was killed. Leroy Hamblin testified that he saw Glaze murder Bullman on July 27, 1987. Kevin Broen testi-

fied that he saw Glaze near the scene of Green's murder on April 29, 1987. Flint Burnside testified that he walked Green to a bar the night she was murdered and he observed that she had rings on her fingers; Glaze gave Morrison a pearl ring that was identified as very similar to a ring that Green was believed to have been wearing at the time of her murder; tennis shoe prints on the sand next to Green's body were similar to shoes that Glaze had recently bought at K–Mart.

While in jail Glaze reacted to the police chief's remark that the murderer of the victims should be found and executed by telling another inmate that he wanted to confess to the murders, but that he was afraid that he would be executed. Another inmate testified that Glaze told him that "I can't believe I killed them. I killed them with my hands." Later, that same inmate wrote a note to Glaze telling him not to "let anyone know about your case like that." Glaze returned the note after he had written on it "don't let anyone hear you, but not let anyone know, I killed them. I was mad at them." Glaze left the state shortly after the murder investigation started focusing on him and instructed Morrison not to tell anyone where he had gone.

On February 10, 1989, a jury convicted Glaze of three counts of first degree murder during a sexual assault and three counts of the lesser-included offense of second degree intentional murder. He was sentenced to three consecutive terms of life imprisonment. On March 16, 1990, the Minnesota Supreme Court affirmed his convictions. *Glaze*, 452 N.W.2d at 662. Glaze exhausted his available state remedies and filed a writ of habeas corpus in the United States District Court, which referred the matter to a magistrate judge.[2] On March 16, 1992, the district court adopted the magistrate judge's recommendation and report[3] and denied Glaze's petition for a writ of habeas corpus. This appeal followed.

---

**2.** Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota.

**3.** In his habeas petition Glaze alleged that: he was precluded from presenting an effective defense because the state trial court excluded ex-

culpatory evidence, including an admission by a third party; he was denied due process when the state trial court refused to admit expert testimony of an eyewitness identifications: and the evidence was insufficient as a matter of law to sustain his convictions. On April 10, 1991,

## DISCUSSION

### I.

█ As a preliminary matter we note that this court's power to review state convictions is limited and habeas relief will only be granted "where errors of constitutional magnitude have occurred." *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir.1991). For a petitioner to succeed under 28 U.S.C. § 2254, he or she must establish that the alleged error effectively rendered the entire trial fundamentally unfair and that absent the error, the outcome of the trial would probably have been different. *Newlon v. Armontrout*, 885 F.2d 1328, 1336 (8th Cir.1989), *cert. denied*, 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 810 (1990).

█ "Federal courts are not forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3392, 77 L.Ed.2d 1090 (1983). Questions of admissibility of evidence in state trials are matters of state law and ordinarily are not grounds for federal habeas relief. *Manning–El v. Wyrick*, 738 F.2d 321, 322 (8th Cir.) (*Manning–El*), *cert. denied*, 469 U.S. 919, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984). In reviewing a federal habeas petition we examine "the totality of the facts in the case pending before [us] and analyze the fairness of the particular trial under consideration." *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976). However, we do not sit to correct errors of fact, but to ensure that individuals are not imprisoned in violation of the Constitution. *Herrera v. Collins*, —— U.S. ——, ——, 113 S.Ct. 853, 855, 122 L.Ed.2d 203 (1993).

### II.

█ Glaze argues that he was denied due process of law because on three separate occasions during the course of the trial he was precluded from introducing evidence that the murders had been committed by a person or persons other than him.

Glaze contends that the excluded evidence tended to show that Michael Cooper murdered Green. Specifically, Glaze argues that the excluded evidence showed that: (1) Cooper wore a black baseball cap with a "Coors" logo that was similar to a cap found at the murder scene, (2) Green had told others that Cooper had raped her at knife point six months prior to the murder and a knife was found at the murder scene, and (3) Green had given her sister a list of people she feared and Cooper was on the list. The state, however, argues that Glaze has not shown that the exclusion of the Cooper evidence rendered the entire trial fundamentally unfair. We agree.

"[a] state court's interpretation of state law is binding upon a federal court in a habeas proceeding." *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 901, 116 L.Ed.2d 802 (1992). The Minnesota Supreme Court held that the Cooper evidence was admissible on the issue of the identity of the person who murdered Green. *Glaze*, 452 N.W.2d at 661. "[W]here the issue is whether in fact the defendant killed the deceased, evidence tending to prove that another person did the killing is admissible. The purpose of evidence to show that another committed the homicide is not to prove the guilt of the other person, but to generate a reasonable doubt of the guilt of the defendant." *State v. Hawkins*, 260 N.W.2d 150, 158–59 (Minn.1977) (*Hawkins*). However, the state supreme court held that the error was harmless because there was overwhelming evidence of Glaze's guilt. *Glaze*, 452 N.W.2d at 661.

In addition, the state supreme court held that the Cooper evidence had not been completely excluded because the jury heard that Green had a pimp who wore a "Coors" cap and that a similar cap was found at the murder scene. *Id.* The court also noted that while an attorney's comments are not evidence, defense counsel in his closing statement told the jury that Green was afraid of someone. *Id.* We have carefully

the magistrate judge found the claims to be without merit and recommended that the peti-

tion for writ of habeas corpus be denied.

reviewed the record and hold that the additional evidence on Cooper would not have produced a different verdict and thus its exclusion did not deny Glaze due process. As noted by the state supreme court, there was overwhelming evidence of Glaze's guilt, including multiple inculpatory statements, and the evidence about Cooper was not completely excluded from the jury.

### III.

Glaze next argues that he was denied due process because he was precluded from introducing into evidence a confession by another person that he had committed the murders. Kenneth Alexander, an inmate at the Minnesota Correctional Facility at Lino Lakes, called defense counsel during trial. Alexander told defense counsel that in April of 1987, he had been "shooting dope" with a person named Kerry Haukw.[4] According to Alexander, Haukw confessed to him that he was the one that the police were investigating in connection with the murders of the Native American women. Glaze argues that the state court erred in excluding this evidence as inadmissible hearsay because Minnesota law allows the introduction of such evidence as a statement against interest if corroborated. Glaze also contends that the state trial court violated his due process rights by not allowing him a continuance to locate prostitutes who would have testified that Haukw had previously placed gun barrels in their vaginas, in a manner similar to the objects found in the vaginas of the three victims.

The state argues that the state trial court correctly excluded evidence of the Haukw statement because it was inadmissible hearsay. The state contends that Glaze failed to offer any independent corroborating evidence as required by Minnesota law.

As stated above, the admissibility of evidence at trial is a matter of state law and will not form the basis for habeas relief unless an evidentiary ruling infringes on an individual's constitutional protections.

*Manning–El,* 738 F.2d at 322. Minnesota law allows for the admission of a statement against interest but only if the statement is corroborated in a way that demonstrates the trustworthiness and credibility of the alleged statement. *State v. Higginbotham,* 298 Minn. 1, 212 N.W.2d 881, 883 (1973) (*Higginbotham* ). The state courts found the statements unreliable and excluded them. Therefore, we hold that the exclusion of the statement by Haukw neither infringed on any constitutional right nor did it violate Glaze's due process rights because the excluded evidence did not negate any of the crucial facts that ultimately convicted Glaze.

### IV.

Finally, Glaze argues that he was denied due process because he was precluded from presenting evidence of a statement by one Phillip Foy, whose whereabouts were unknown at the time of trial, regarding a fight between Sweet and Joe Foster the night that she was killed. Glaze contends that the state trial court should have admitted such testimony because the alleged fight was admissible under *Hawkins* as tending to prove that another person had a motive for murdering Sweet.

The state contends that the state trial court correctly excluded the alleged statement as hearsay. We agree. "Out-of-court statements are ... excluded because they lack the conventional indicial of reliability: they are usually not made under oath or other circumstances that impress the speaker with the solemnity of his statements; the declarant's word is not subject to cross-examination; and he is not available in order that his demeanor and credibility may be assessed by the jury." *Chambers v. Mississippi,* 410 U.S. 284, 298, 93 S.Ct. 1038, 1047, 35 L.Ed.2d 297 (1973), citing, *California v. Green,* 399 U.S. 149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970).

---

**4.** According to the state, Kerry Haukw was killed in a shoot-out with police in September 1987.

In view of the evidence of guilt, the lack of reliability of the excluded evidence and the conduct of the entire trial, we hold that the district court correctly found that the questions presented here do not rise to the level of constitutional dimension.

Accordingly, the order of the district court denying Glaze's habeas petition is affirmed.