12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Kent Leroy SCOTT, Appellant,
v.
Paul DELO, Appellee.
 No. 93-2297.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 14, 1993.
Filed: December 23, 1993.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kent Leroy Scott was convicted by a Missouri jury of capital murder and two counts of first-degree robbery. After exhausting his state court postconviction remedies, Scott filed this habeas corpus proceeding in federal court. See 28 U.S.C. Sec. 2254 (1988). The district court denied Scott's application and he appeals. We affirm.
 
 
 2
 The sole issue before us is the admission of certain evidence at trial. Admissibility of evidence is a state law question that may be reviewed in a federal habeas proceeding only if the alleged error violates a specific constitutional right or is so prejudicial that it denies due process. Glaze v. Redman, 986 F.2d 1192, 1195 (8th Cir. 1993). Scott contends he was denied due process by admission of evidence that he tried to elude police, resisted arrest, and possessed a gun when he was arrested over four months after the robbery and murder. To obtain habeas relief, Scott must show this evidence rendered the entire trial fundamentally unfair and the verdict probably would have been different if the evidence had not been admitted. Id. In deciding whether Scott has made this showing, we review the totality of the facts in the case and analyze the fairness of Lincoln's trial. Id.
 
 
 3
 Having carefully reviewed the record, we agree with the district court that Scott has failed to show the verdict would have been different absent admission of the challenged evidence. Accordingly, we affirm the judgment of the district court.