19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Crayton Edward JAMES, Appellant,
v.
Roger ENDELL, Director, Arkansas Department of Correction, Appellee.
 No. 93-3140.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 11, 1994.
Filed: March 29, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Crayton Edward James, an Arkansas inmate, appeals the district court's[1] dismissal of his 28 U.S.C. Sec. 2254 petition. We affirm.
 
 
 2
 James was tried for Class C Felony theft-theft of property having a value over $200-and burglary. The owner of the property testified that his television, VCR, and radio had been moved and collected near the back door of his house, and that his guns had been removed from his gun cabinet and laid out on the couch. The owner testified that the collected property had a value of "approximately Twenty-four Hundred Dollars." The jury convicted James of both charges. James's conviction was affirmed on appeal. James v. State, No. CR-88-94, 1988 WL 139144 (Ark. Dec. 19, 1988) (unpublished). James concedes that he failed to properly exhaust his state remedies.
 
 
 3
 On December 1, 1992, James filed, through counsel, a section 2254 petition in the district court, alleging numerous grounds for relief. The magistrate[2] judge recommended that James's section 2254 petition be dismissed with prejudice, finding that the majority of his claims were procedurally defaulted because he did not properly present them to the state court. With respect to the non-defaulted claims, the magistrate judge found that sufficient evidence supported both the felony theft and burglary convictions; that asportation is not an element of felony theft under Arkansas; and that owner opinion testimony as to the value of the property is sufficient evidence of value under Arkansas law. The district court, adopting the magistrate judge's recommendation over James's objections, dismissed the petition. James timely appealed.
 
 
 4
 On appeal, James argues that proof of market value solely by the owner's subjective statement as to value is not sufficient evidence to establish felony theft, and that the procedural defaults are excused due to factual innocence. James does not contest the district court's dismissal of the remaining non-defaulted claims.
 
 
 5
 James presents his first argument as a challenge to the sufficiency of the evidence of his conviction. James's argument is actually a challenge to Arkansas law. Arkansas law allows proof of value of property to be established through the subjective testimony of the owner-victim. See Coley v. State, 790 S.W.2d 899, 901 (Ark. 1990). We find, therefore, that Arkansas law is well established that owner testimony can be sufficient evidence of value.
 
 
 6
 State construction of its own law is binding on the federal habeas corpus court. Missouri v. Hunter, 459 U.S. 359, 368 (1983); Glaze v. Redman, 986 F.2d 1192, 1195 (8th Cir. 1993). A federal court, however, may grant habeas relief when a state law infringes upon a specific constitutional protection or is so prejudicial as to amount to a denial of due process. Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir.), cert. denied, 488 U.S. 928 (1988). While the ability of the state to establish the requisite value through owner testimony does put an onus on the defense, the state still maintains the burden to prove the value element for theft. In addition, James did not object to the owner testimony as to value nor contest the testimony on cross-examination. We find, therefore, that the Arkansas law, as applied in this case, does not violate due process and that James's challenge to this element of Arkansas law is without merit.
 
 
 7
 Even as an attack on the sufficiency of the evidence, James's argument is meritless. A reasonable juror could easily find that a VCR, television, radio, and several guns were worth at least $200. See Trevino v. Dahm, 2 F.3d 829, 833 (8th Cir. 1993) (habeas petitioner entitled to relief on claim of insufficiency of the evidence only if no rational trier of fact could find the petitioner guilty beyond reasonable doubt).
 
 
 8
 In attempting to defeat the district court's holding that many of his claims were procedurally barred, James contends that he is "factually innocent" of Class C Felony theft and burglary. This court generally will not reach the merits of procedurally defaulted claims unless a habeas petitioner establishes cause and prejudice or actual innocence. Sawyer v. Whitley, 112 S. Ct. 2514, 2518-19 (1992). James has not argued cause and prejudice for his failure to properly present his claims in state court. As to his claim of actual innocence, James does not contest that he did the actions for which he was convicted; rather, he asserts that those actions legally constitute only misdemeanor theft. James, therefore, has not established actual innocence. See Narcisse v. Dahm, 9 F.3d 38, 40 (8th Cir. 1993) (fundamental miscarriage of justice exception involves claims of actual innocence, not legal innocence). The district court correctly determined that James procedurally defaulted the majority of his claims.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas