213 F.Supp.2d 1026 (2001)
John KING, Petitioner,
v.
Michael BOWERSOX, Respondent.
No. 4:98CV1421JCH.
United States District Court, E.D. Missouri, Eastern Division.
March 20, 2001.
*1027 *1028 *1029 John King, Jr., Mineral Point, MO, pro se.
John Morris, Cassandra K. Dolgin, Attorney General of Missouri, Assistant Attorney General, Jefferson City, MO, for respondent.

*1030 MEMORANDUM AND ORDER

HAMILTON, District Judge.
This matter is before the Court on Missouri state prisoner John King's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed on August 31, 1998. (Doc. No. 4). On November 6, 1998, the State filed a response showing cause why the writ should not issue. (Doc. No. 8). Petitioner filed a Traverse on January 26, 2000. (Doc. No. 10).

BACKGROUND
Petitioner was charged with two counts of first degree murder and armed criminal action for the drive-by killings of two fourteen year old boys, Michael Beasley and William Hooks. Petitioner was also charged with first degree assault and armed criminal action in the drive-by shooting of thirteen year old Malcolm Taylor. (Resp. Exh. A, at pp. 9-11). In December of 1994, after a jury in the Circuit Court of the City of St. Louis found him guilty on all counts, Petitioner was sentenced to two consecutive terms of life imprisonment without the possibility of parole and to four concurrent terms of life imprisonment. After the trial court denied Petitioner's motion for a new trial, Petitioner filed a notice of appeal, and a pro se Rule 29.15 motion. (Resp. Exh. A, at p. 91, 107; Resp. Exh. E, p. 3). Petitioner was subsequently appointed post-conviction counsel who filed an amended Rule 29.15 motion. (Resp.Exh. E, p. 17, 20). The motion court denied Petitioner's Rule 29.15 motion. (Resp. Exh. E, at p. 90). In a consolidated appeal, the Missouri Court of Appeals affirmed Petitioner's conviction and the denial of his Rule 29.15 motion. (Resp.Exhs.J, K).
The instant Petition raises the following grounds for relief:
Ground 1: Petitioner's constitutional rights were violated when the trial court refused to declare a mistrial after discovering that photographs of one of the victims, William Hooks, were placed in the hallway near the jury room.
Ground 2: Petitioner's constitutional rights were violated by an impermissibly suggestive and unreliable out-of-court identification.
Ground 3: Petitioner's constitutional rights were violated because there was insufficient evidence to convict Petitioner of first degree murder and armed criminal action for the killing of William Hooks.
Ground 4: Petitioner's constitutional rights were violated when the trial court admitted evidence that the car used in connection with the killing of William Hooks was stolen.
Ground 5: Petitioner's constitutional rights were violated when the trial court admitted into evidence "mugshots" of Petitioner.
Ground 6: Petitioner's constitutional rights were violated by the prosecutor's improper closing arguments.
Ground 7: Petitioner's constitutional rights were violated when the post-conviction relief court failed to issue findings of facts and conclusions of law.
(Petition, at pp. 1-38).

LEGAL STANDARD
A state prisoner may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is entitled "`to relief on federal habeas corpus only upon proving that [his] detention violates ... fundamental liberties ... safeguarded against state action by the Federal Constitution.'" Wessling v. Bennett, 410 F.2d 205, 209 (8th Cir.1969) (quoting Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963)). "`[I]t is not the province of a *1031 federal habeas court to re-examine state-court determinations [of] state-law questions.'" Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir.1997) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991)). Rather, a federal court is limited "`to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" Id.
The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132, 110 Stat. 1214, made numerous changes to Title 28, Chapter 153 of the United States Code, 28 U.S.C. §§ 2241-2255, the chapter governing federal habeas petitions. Specifically, in Section 104 of the AEDPA, Congress added new subsection (d) to 28 U.S.C. § 2254. That subsection provides as follows:
(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim 
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d).
Under the "contrary to" clause of § 2254(d)(1), a petitioner may prevail if the state court's decision is opposite to that reached by the United States Supreme Court on a question of law or if a state court decides a case differently than the United States Supreme Court despite confronting indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir.2000)(citing Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); see also Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000).
Under the "unreasonable application" clause of § 2254(d)(1), a writ may issue only if the state court identifies that correct governing legal principle from the United State Supreme Court's decisions but unreasonably applies the principle to the facts of the petitioner's case. See Williams, 120 S.Ct. at 1523. Under this clause, a federal habeas court should ask "whether the state court's application of clearly established federal law [as determined by the United States Supreme Court] was objectively unreasonable." Id. at 1521. It is not enough for the federal habeas court to conclude in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. See Id. at 1522.

DISCUSSION

I. Ground 1.
Petitioner asserts that the trial court should have declared a mistrial after discovering that photographs of one of the victims, William Hooks, were placed in the hallway outside of the jury room. Petitioner's trial counsel requested a mistrial but did not include this issue in a motion for a new trial. Nevertheless, Petitioner included this point in his direct appeal, and the Missouri Court of Appeals, addressing the issue on the merits, denied relief. (Resp. Exh. K, at p. 2). This claim, therefore, is not procedurally defaulted and must be addressed on the merits. See Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.1994)(a Missouri court may "lift" the bar on an otherwise procedurally defaulted claim by reviewing it on the merits).
*1032 Due process requires that a criminal defendant receive a trial by an impartial jury free from outside influences. See Sheppard v. Maxwell, 384 U.S. 333, 362, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). "Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." Smith v. Phillips, 455 U.S. 209, 220, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). In cases where jury members are exposed to extrinsic material, the usual remedy is for the trial court to conduct a hearing to determine the prejudicial impact of the material. See Remmer v. United States, 347 U.S. 227, 230, 74 S.Ct. 450, 98 L.Ed. 654 (1954). There is, however, no per se right to a hearing, and trial courts have wide discretion in deciding whether such hearings are warranted. See U.S. v. Cunningham, 133 F.3d 1070, 1074-75 (8th Cir.1998)(court has discretion in deciding whether to conduct hearing).
In the instant case, the Missouri Court of Appeals determined there was insufficient evidence to conclude that the jury was exposed to the victim's photograph, or that the jury was influenced in its verdict. These factual findings are entitled to a presumption of correctness. See 28 U.S.C. § 2254(e)(1). Petitioner has not presented the Court with clear and convincing evidence to overcome this presumption of correctness and this ground for relief will, therefore, be denied.

II. Ground 2.
The trial court allowed Samuel Woods to testify about his out-of-court identification of Petitioner as the shooter. Woods also made an in-court identification of Petitioner as the shooter. In the state court, Petitioner repeatedly asserted, as he does again here, that the out-of-court identification was tainted by impermissibly suggestive and unreliable police procedures. Petitioner claims that the in-court identification was, likewise, unreliable.
Woods did not make an identification until about a week after the shooting. At that time, he was shown a photograph of a police lineup, and he could not identify anyone. When he was shown photographs of individuals by the police that same day, Woods made only a tentative identification of Petitioner. Woods made a positive identification of Petitioner after one of the officers placed his finger over the top of Petitioner's photograph to simulate a bandana that Woods described on the shooter. (Petition, at p. 13-14). The police officer did not place his finger over the other photographs in the photo array. Petitioner asserts that the officer's action constituted impermissibly suggestive police procedures. The Missouri Court of Appeals concluded that the procedures were constitutional because there was no evidence that the police coached the witness.
"Reliability, not suggestiveness, is the linchpin in determining the admissibility of identification testimony ... reliability is to be assessed in the totality of circumstances." Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). In the instant case, Woods had already tentatively identified Petitioner as the shooter. There is no evidence that police initially suggested to Woods that Petitioner was involved in the shooting. Furthermore, another witness independently identified Petitioner as the shooter. (Resp.Exh. B-III, p. 714-17). See U.S. v. Rogers, 73 F.3d 774, 778 (8th Cir.1996)(multiple independent identifications diminish the likelihood of misidentification). The identification, therefore, is sufficiently reliable, and the state court's determination of this issue must be upheld.

III. Ground 3.
Petitioner next asserts that there was insufficient evidence of his guilt in the *1033 killing of William Hooks, because witnesses gave inconsistent testimony.
The United States Supreme Court has recognized that due process is violated when a prisoner has been convicted on insufficient evidence because "the most elemental of due process rights [is] freedom from a wholly arbitrary deprivation of liberty." Jackson v. Virginia, 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979). When reviewing a § 2254 claim of insufficient evidence, the function of this Court is not to re-weigh the evidence or to determine the credibility of witnesses. See Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Rather, the Court must view the evidence in the light most favorable to the prosecution and construe all possible inferences in its favor. See Wright v. West, 505 U.S. 277, 296-97, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992). The petition should not be granted unless the Court finds that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson, 443 U.S. at 319, 99 S.Ct. 2781.
Petitioner asserts that the testimony of the witnesses to the drive-by shooting of William Hooks is so inconsistent that reasonable minds cannot believe it. Specifically, Petitioner contends that the witnesses disagreed about the time of the shooting, about whether the shooter's face or head were covered, and about which direction the shooter's car was traveling. Given the trial record, it is clear that a reasonable fact finder could have minimized the inconsistencies cited by Petitioner and reached the verdict in this case by believing the testimony of some witnesses more than others based on their ability to observe and remember the events in question. This ground for relief is denied.

IV. Grounds 4 and 5.
In Ground 4, Petitioner asserts that the trial court improperly admitted evidence that the car used in connection with the killing of William Hooks was stolen. At trial, two prosecution witnesses testified that the steering column on the gray Buick involved in the drive-by shooting was broken open in the same fashion as it would be on a stolen car. In Ground 5, Petitioner asserts that the trial court erred by allowing the prosecution to show Local Identification photographs (LID's), or "mugshots," to the witnesses and the jury.
"[Q]uestions concerning the admissibility of evidence are matters of state law and are not reviewable in a federal habeas corpus proceeding unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process." Wallace v. Lockhart, 701 F.2d 719, 724 (8th Cir.1983). A federal habeas court cannot concern itself with whether the trial court erred in admitting the particular testimony. Rather, it must decide whether the admissions resulted in a trial so fundamentally unfair as to deny a petitioner due process of law. See Batten v. Scurr, 649 F.2d 564, 569 (8th Cir.1981). "In making this determination [the habeas court] must review the totality of the facts in the case and analyze the fairness of the particular trial under consideration." Manning-El v. Wyrick, 738 F.2d 321, 323 (8th Cir.1984) (citations omitted). The petition may be granted only if the state law error is "so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived [Petitioner] of fundamental fairness." Manning-El, 738 F.2d at 323.
Having reviewed the record, this Court finds that the admission of the evidence objected to by Petitioner, did not result in a trial that was fundamentally unfair. First, the evidence of the stolen car was *1034 isolated, did not suggest that Petitioner was the person who stole the car, and was not mentioned by the prosecutor during closing arguments. Second, the reference to the photographs as "mugshots" was isolated, and was not emphasized during closing arguments. Previously, the admission of "mugshots" has been held not to rise to the level of a constitutional defect. See Futrell v. Wyrick, 716 F.2d 1207, 1208 (8th Cir.1983).

V. Ground 6.
Petitioner next argues that his due process rights were violated when the prosecutor compared Petitioner's case to the World Trade Center bombing in New York City, and suggested that a witness was in danger for testifying at the trial. The Missouri Court of Appeals first held that the prosecutor's reference was "an appropriate response to defense counsel's intimation that the gunman did not have a particular victim in mind but rather fired randomly." (Reps. Exh. K, at p. 3). The Court of Appeals also held that brief mentions about the safety concerns of a witness were not prejudicial.(Id.)
During the rebuttal stage of his closing argument, the prosecutor made the following comments:
Now, for some reason [defense counsel] made something about this random shooting, you know, about like maybe it was just being a message sent.... Now, you tell me, you know, gee, you shouldn't punish these  you should give this guy  well, sort of random, sort of  you know, don't give them Murder First, because, you know, it really wasn't  he didn't single out William Hooks, or he didn't really single out Beasley much....
Let's compare it to the Trade Building in New York. The guy drives in there with tons of dynamite, okay, and blows up the whole damn building. Not the whole  most of it, you know, six floors or whatever, and wipes out somebody on the fifth floor, somebody on the first floor. What are you going to give them? Murder second, because he didn't specifically know he was going to kill the secretary on the fifth floor. He was going to kill whoever he could kill taking that bomb in there.
This guy was going to kill whoever his bullet could reach that night to the extent that they're firing on up the alley where these little kids are scattering ...
(Resp.Exh. C, pp. 75-76).
In determining whether due process is violated by a prosecutor's improper remarks, the question is "not whether the prosecutor's remarks are `undesirable or even universally condemned.' The remarks must make the entire trial fundamentally unfair." Kellogg v. Skon, 176 F.3d 447, 452 (8th Cir.1999)(quoting Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144(1986)). Petitioner must show that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair. See Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir.1987). Under this standard, a petitioner must show "that there is a reasonable probability that the error complained of affected the outcome of the trial  i.e., that absent the alleged impropriety, the verdict probably would have been different." Id. In determining whether the prosecutor's argument rendered the trial unfair, we consider the totality of the circumstances. See Kellogg, 176 F.3d at 451.
In the instant case the comments in question did not render the trial fundamentally unfair. First, the comments constituted only a small portion of the overall closing arguments. Second, the record demonstrates that the prosecutor's statement was not meant to inflame the jury by suggesting that Petitioner's conduct was *1035 particularly heinous, but rather, was meant to shed light on Petitioner's state of mind at the time of the shooting. Finally, as the opinion of the Missouri Court of Appeals demonstrates, the comments were generally proper under the "invited reply" doctrine, under which a prosecutor's allegedly improper comments can be excused when they are an appropriate response to statements or arguments made by the defense. See U.S. v. Robinson, 485 U.S. 25, 31, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988).
This Court agrees with the Missouri Court of Appeals that the prosecutor's intimation that a witness was nervous about testifying because she was concerned for her welfare was too brief to be prejudicial and did not affect the outcome of the trial. This ground is, therefore, denied.

VI. Ground 7.
Finally, Petitioner asserts that his constitutional rights were violated when the post-conviction relief court failed to issue findings of fact and conclusions of law. Such an allegation does not rise to a level of a constitutional claim and cannot be reached by this Court in a habeas proceeding. See Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990).
Accordingly,
IT IS HEREBY ORDERED that John King's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 4) is DENIED.
IT IS FURTHER ORDERED that a separate Order of Dismissal shall accompany this Memorandum and Order.
IT IS FURTHER ORDERED that a separate Certificate of Appealability shall accompany this Memorandum and Order.